IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ONZO B. HOWELL, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV-21-713-G |
| | ) | |
| KENNETH TIDWELL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION

Plaintiff, appearing *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended the Complaint be dismissed without prejudice due to Plaintiff's failure to prosecute this action.

On August 20, 2021, the Court entered an Order Requiring Service and Special Report ("Order") instructing Plaintiff to complete the necessary service papers and furnish the same to the Court Clerk within twenty-one (21) days. Doc. No. 11 at 3. To date, Plaintiff has failed to do so.

On September 14, 2021, the Court issued an Order to Show Cause why this case should not be dismissed based on Plaintiff's comply with the Court's Order. Doc. No. 15.  Plaintiff failed to respond.

Additionally, all recent filings mailed to Plaintiff have been returned as undeliverable. Doc. Nos. 13, 14, 16. On August 26, 2021, the Court received correspondence from the Lubbock County Sheriff's Office located in Lubbock, Texas, where Plaintiff was confined when he initiated this lawsuit, indicating he had been released from its custody to Pre-Trial Services. Doc. No. 12. Contrary to LCvR 5.4, Plaintiff has not kept the Court apprised of his current contact information.

Pursuant to Fed. R. Civ. P. 41(b), if a plaintiff "fails to prosecute or to comply with these rules or a court order," the Court may dismiss the action. The Tenth Circuit "ha[s] consistently interpreted Rule 41(b) to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute." *Huggins v. Supreme Court of U.S.*, 480 F. App'x 915, 916-17 (10th Cir. 2012) (quotations omitted); *see also AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." (quotations omitted)). If the dismissal is without prejudice, the Court generally need not follow any "particular procedures" in entering the dismissal order. *AdvantEdge Bus. Grp.,* 552 F.3d at 1236; *see also Robledo-Valdez v. Smelser*, 593 F. App'x 771, 775 (10th Cir. 2014)

2

(explaining that a district court may, without abusing its powers, dismiss a case without prejudice pursuant to Fed. R. Civ. P. 41(b) without attention to any particular procedures).

Plaintiff's failure to comply with the Court's Orders and/or keep the Court apprised of his current contact information leaves the Court unable "to achieve [an] orderly and expeditious" resolution of this action. *Link v. Wabash R.R.*, 370 U.S. 626, 629-31 (1962) (discussing the inherent power of a court to dismiss suits for lack of prosecution on its own initiative). As outlined above, the Court has attempted to provide Plaintiff sufficient notice of the possibility of dismissal, as well as an additional response opportunity through objection to this Report and Recommendation.

RECOMMENDATION

Based on the foregoing findings, it is recommended Plaintiff's action be dismissed without prejudice based on his failure to comply with the Court's Orders and/or keep the Court apprised of his current contact information. Plaintiff is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by October 19th, 2021, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling.

*Moore v. United States*, 950 F.2d 656 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

Dated this  30th  day of September, 2021.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE